FILED
SUPERIOR COURT
OF GUAM

2022 APR 11 PM 2: 53

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VINCENT P.C. PALOMO, | SPECIAL PROCEEDINGS NO. SP0155-21 |
| Petitioner, | |
| vs. | |
| JOSEPH CARBULLIDO, Director of Guam Department of Corrections; | DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SETTING BRIEFING SCHEDULE |
| ROBERT D. CAMACHO, Deputy Director of Guam Department of Corrections, | |
| Respondents. | |

This matter is before the Honorable Dana A. Gutierrez based on Petitioner Vincent P.C. Palomo's ("Palomo") Motion for Appointment of Counsel. Palomo is *pro se*. Respondents Joseph Carbullido, Director of Guam Department of Corrections ("DOC"), and Robert D. Camacho, Deputy Director of DOC, ("Carbullido" and "Camacho," respectively, or "Respondents," collectively) are represented by Assistant Attorney General James L. Canto II. Upon a review of the applicable law and in the interest of judicial economy, the Court hereby **DENIES** Palomo's Motion for Appointment of Counsel and sets a briefing schedule on Respondent's Motion to Dismiss.

## BACKGROUND

Palomo is an inmate at DOC. This action arises out of Palomo's Petition for a Writ of

Mandamus ("Petition"), submitted to the Court on August 17, 2021, alleging that Respondents have committed violations of DOC's rules and regulations and have violated Palomo's constitutional rights. Palomo alleges that Respondents have erroneously placed Palomo in the Medium custody housing unit despite Palomo's status as a Minimum (In) custody inmate. *See* Petition, at 13.

On September 10, 2021, Presiding Judge Alberto C. Lamorena, III granted Palomo's Application to Proceed Without Prepayment of Fees or Costs. Upon review of the contents of the Petition, and in accordance with 7 GCA §§ 31101, *et seq.*, the Court issued a Writ of Review commanding Respondents to certify fully to the Court a transcript of the record and proceedings, as applicable to the Petition, by November 11, 2021 and setting a Status Hearing for November 15, 2021. Writ of Review (Oct. 19, 2021).

On November 10, 2021, Respondents filed a Motion to Dismiss Writ of Review. Along with Palomo's Petition, Palomo also filed a Motion for Appointment of Counsel (the "Motion"). Based on the discussion at the November 15, 2021 hearing, the Court set a briefing schedule on the Motion for Appointment of Counsel and held the Motion to Dismiss in abeyance pending a resolution of the Motion for Appointment of Counsel. Order After Hearing Re Amended Briefing Schedule (Nov. 15, 2021).

On November 29, 2021, Respondents filed their Opposition to the Motion in accordance with the briefing schedule. On December 10, 2021, Palomo filed his Reply to the Opposition in accordance with the briefing schedule. On January 11, 2022, the Court issued a CVR 7.1 Form 3 taking the Motion under advisement on submission of the briefs.

## DISCUSSION

The Local Rules of the Superior Court require the Court to appoint legal counsel in

certain circumstances but grant the Court discretion to appoint counsel in other situations. Appointment of counsel is mandatory for persons financially unable to obtain adequate representation who are "entitled to appointment of counsel under the Sixth Amendment to the United States Constitution, or facing loss of liberty and Guam law, the United States Constitution, or the applicable provision of the Organic Act[.]" MR 1.1.1 (a)(4). Appointment of counsel is discretionary for persons financially unable to obtain representation and whose "rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel." MR 1.1.1 (b)(3).

### A.    Appointment of Counsel Is Not Mandatory.

The Sixth Amendment of the United States Constitution provides that an accused shall enjoy the right to have the "assistance of counsel for his defense." U.S. Const. Amend. VI. However, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Palomo has filed a civil action for a Writ requesting this Court to review the actions taken by Respondent and annul the administrative actions taken against Palomo regarding his custody status at DOC. Petition, at 28-30. Accordingly, the mandatory provisions of MR 1.1.1 do not apply to this proceeding.

### B.    The Court May Not Exercise Its Discretion to Appoint Palomo Counsel.

If the Court determines that 1) Palomo is financially unable to obtain representation; and 2) Palomo's rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel, then the Court may exercise its discretion to appoint Palomo counsel pursuant to MR 1.1.1(b)(3). Here, Palomo contends that he qualifies for the appointment of counsel because of his allegations that Respondents have violated Palomo's constitutional due process and equal protection rights. Reply, at 2.

3

In an Order, the Guam Supreme Court has held that any constitutionally protected liberty interests provided to inmates by a correctional institution's rules and regulations are limited to freedom from restraint that "imposes atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *White v. Palacios*, Order, CVA11-015, at 11-12 (Mar. 30, 2015) (upholding the trial court's dismissal of an inmate's Complaint alleging that DOC violated his constitutional rights by transferring the inmate from minimum security to medium security without affording the inmate his due process rights).[1]

Specifically, the *White* Court in its Order held that a transfer of an inmate from minimum security to medium security does not amount to an "atypical and significant hardship" that would rise to the level of implicating a constitutionally protected liberty interest. *Id.* at 11-13. Further, the *White* Court noted that Guam's Executive Orders ("E.O.") prescribing DOC's rules and regulations, E.O. 94-19 and 97-05, do not "contain mandatory language that implicates a state-created liberty interest." *Id.* at 12, note 6.

Here, Palomo's Petition alleges the same constitutional violations asserted by the inmate in *White*. *Compare* Petition, at 14-30, *with White v. Palacios*, Order, CVA11-015, at 6 (Mar. 30, 2015). In particular, Palomo asserts that his constitutional due process and equal protections rights were violated because: 1) DOC's Disciplinary Hearing Board ("DHB") conducted its proceedings in violation of DOC's rules and regulations; 2) the Adjustment Classification Committee ("ACC") and Carbullido and Camacho conducted proceedings in violation of DOC's rules and regulations and committed arbitrary and capricious actions in order to injure Palomo;

---

[1] In Superior Court of Guam Civil Case No. CV1336-10, the Guam Supreme Court issued an Order addressing the Plaintiff-Appellant's appeal of the trial court's decision granting the Defendants' motion to dismiss for failure to state a claim upon which relief case be granted. *White v. Palacios, et al.,* CV1336-10.

3) the ACC did not provide Palomo with a review of his classification assignment within three (3) weeks of the assignment in violation of E.O 97-05 § 4.11; 4) Respondents placed Palomo in administrative segregation without complying with DOC's rules and regulations and without due process; and 5) Respondents arbitrarily and capriciously disregarded DOC's rules and regulations. *See* Petition, 14-30.

In making these allegations, Palomo relies on DOC's rules and regulations provided in E.O. 94-19 and 97-05. *Id.* Because the Guam Supreme Court has held in the *White* case that: 1) E.O. 94-19 and 97-05 do not "contain mandatory language that implicates a state-created liberty interest," and 2) a transfer of an inmate from minimum security to medium security does not amount to an "atypical and significant hardship" that would rise to the level of implicating a constitutionally protected liberty interest, this Court finds that Palomo has not sufficiently demonstrated that his rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel. *White v. Palacios*, Order, CVA11-015, at 11-13 (Mar. 30, 2015); MR 1.1.1(b)(3).[2] Therefore, this Court may not exercise its discretion to appoint Palomo counsel pursuant to MR 1.1.1(b)(3).

## CONCLUSION

In accordance with the applicable law and for the foregoing reasons, the Court hereby **ORDERS** that:

1.  Palomo's Motion for Appointment of Counsel is **DENIED**;

2.  Respondent's Motion to Dismiss Petition for Writ of Review is no longer held in abeyance;

---

[2] *See White v. Palacios, et al.*, CV1336-10, Decision and Order (Jan. 5, 2011) (denying the appointment of counsel where the Plaintiff alleged that DOC erroneously classified his custody level status).

3.  Any oppositions to Respondent's Motion to Dismiss Petition for Writ of Review shall be filed within **twenty eight (28) days** of service of this Order. As Palomo is confined at the Guam Department of Corrections and must mail court filings, if he files an opposition, such opposition shall be deemed timely if postmarked no later than **twenty eight (28) days** after service of this Order is effected upon him;

4.  Any reply to such opposition shall be filed within **fourteen (14) days** of service of the opposition; and

5.  The Court will schedule the matter for hearing upon a review of the filings, if necessary.

**SO ORDERED**: _____APR 1 1 2022_____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam